IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRASURE'S PEST CONTROL, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIR CLEANING EQUIPMENT, INC., ROBERT CLEMENS, AND KEVIN YOW, <br><br> Defendants. | Civil Action No. 17-323-RGA-MPT |

MEMORANDUM ORDER

Defendants Robert Clemens and Kevin Yow filed a motion to dismiss Plaintiff's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (D.I. 5; *see also* D.I. 11). The matter was referred to a Magistrate Judge (D.I. 17), who issued a Report and Recommendation recommending that Defendants' motion be granted (D.I. 18). Plaintiff objects to the Magistrate Judge's finding that this Court cannot properly exercise jurisdiction under the Delaware long-arm statute. (D.I. 19 at 3). Defendants have responded. (D.I. 20). I review the objection to the Report and Recommendation *de novo*. 28 U.S.C. § 636(b)(1).

## I. LEGAL STANDARD

When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's favor. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003). Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing, with reasonable particularity, that such minimum contacts have occurred between the defendant and the forum sufficient to support jurisdiction. *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan*

*Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). To meet this burden, the plaintiff must produce "sworn affidavits or other competent evidence," since a Rule 12(b)(2) motion "requires resolution of factual issues outside of the pleadings." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984).

The personal jurisdiction analysis involves both a statutory and constitutional inquiry. *Shoemaker v. McConnell*, 556 F. Supp. 2d 351, 354 (D. Del. 2008). First, the court must consider whether a defendant's actions come within any of the provisions of the state long-arm statute. *See Intel v. Broadcom*, 167 F. Supp. 2d 692, 700 (D. Del. 2001). Second, the court must determine whether exercising jurisdiction over the defendant in the forum comports with the Due Process Clause of the Constitution. *Id.*

With respect to the first step, the court applies the law of the state in which the district court is located. *See id.* Delaware's long-arm statute authorizes jurisdiction over a nonresident when, among other things, that party or its agent:

> (1) Transacts any business or performs any character of work or service in the State; (2) Contracts to supply services or things in this State; (3) Causes tortious injury in the State by an act or omission in this State; (4) Causes tortious injury in the State or outside the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State. . . .

10 Del. C. § 3104(c)(1)–(4). "With the exception of (c)(4), the long-arm statute requires a showing of specific jurisdiction." *Phunware, Inc. v. Excelmind Grp. Ltd.*, 117 F. Supp. 3d 613, 622 (D. Del. 2015) (citation omitted). Subsection (c)(4), on the other hand, confers general jurisdiction, such that while a general presence in Delaware is necessary to assert jurisdiction, the contacts of the nonresident (or its agent) need not relate to the instant litigation. *See Reach & Assocs., P.C. v. Dencer*, 269 F. Supp. 2d 497, 505 (D. Del. 2003). The court should interpret the language of these provisions liberally, as "conferring jurisdiction to the maximum extent of the

2

Due Process clause." *Jeffreys v. Exten*, 784 F. Supp. 146, 151 (D. Del. 1992). Further, the Delaware long-arm statute is a "single act" statute, whereby even one transaction engaged in by the nonresident in Delaware establishes jurisdiction. *Eudaily v. Harmon*, 420 A.2d 1175, 1180 (Del. 1980).

With respect to the second step, Due Process is satisfied if the court finds the existence of "minimum contacts" between the nonresident defendant and the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

## II. DISCUSSION

Plaintiff makes only one objection: that the Magistrate Judge erroneously relied upon the fiduciary shield doctrine in recommending that Defendants' motion be granted. (*See generally* D.I. 19). Incorporating by reference its arguments from previous briefing, Plaintiff purports to object generally to the Magistrate Judge's finding that this Court cannot properly exercise jurisdiction pursuant to subsections (c)(1), (c)(2), or (c)(4) of the Delaware long-arm statute. (*Id.* at 3). Plaintiff's effort to use incorporation by reference to renew other arguments is insufficient. *See* Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections"). Further, Plaintiff requests that decision on the motion be stayed until it has the opportunity to take jurisdictional discovery. (D.I. 19 at 3).

### a. The Fiduciary Shield Doctrine

"The fiduciary shield doctrine is a judicially created doctrine that immunizes acts performed by an individual in the individual's capacity as a corporate employee from serving as the foundation for the exercise of personal jurisdiction over that individual." *Res. Ventures, Inc.*

3

*v. Res. Mgmt. Int'l, Inc.*, 42 F. Supp. 2d 423, 433–34 (D. Del. 1999) (citation omitted). However, the doctrine is not an absolute bar to personal jurisdiction over a corporate employee. *Id.* at 434. Instead, the court should "consider all forum related contacts of [Defendants], even those taken in their fiduciary capacities." *Id.*

In finding jurisdiction lacking under subsection (c)(1) of the Delaware long-arm statute, the Magistrate Judge referred to the fiduciary shield doctrine, explaining, "Any contacts the individual defendants may have had with Delaware occurred solely in connection with [Air Cleaning Equipment ("ACE")]. This situation suggests application of the corporate shield doctrine . . . ." (D.I. 18 at 8–9).

Plaintiff argues the Magistrate Judge's finding "mis-interprets the allegations of the Amended Complaint, and [] misapplies the law as it pertains to these defendants." (D.I. 19 at 2). According to Plaintiff, the Magistrate Judge erroneously found that Defendants' alleged "acts of misrepresentation and omission which resulted in the sale of goods to Delaware were acts completed in the regular course of employment." (*Id.* at 2–3). Those acts could not have been made in the regular course of employment, Plaintiff argues, because it was not Defendants' jobs to make omissions or misrepresentations in the course of a sale. (*Id.* at 2).

Plaintiff cites no authority to support its contention that Defendants were not acting in their capacities as ACE employees when they made oral and written representations to Plaintiff on behalf of the company. In any event, I need not decide whether Defendants were acting in their capacities as ACE employees under the fiduciary shield doctrine. I agree with the Magistrate Judge that none of the purported contacts identified by Plaintiff, including those arguably taken in a fiduciary capacity, are adequate to justify the exercise of jurisdiction over Defendants pursuant to § 3104(c)(1). As the Magistrate Judge correctly found, "Even

4

considering 'all forum-related contacts, including those taken in [a] . . . fiduciary capacity,' personal jurisdiction over the individual defendants, based on 10 *Del. C.* § 3104(c)(1), is improper." (D.I. 18 at 9).

Subsection (c)(1) confers personal jurisdiction over a nonresident defendant who "[t]ransacts any business or performs any character of work or service in the State." In order to meet the requirements of transacting business under (c)(1), "an act must be directed at residents of the state of Delaware and the protection of its laws." *Thorn EMI N. Am., Inc. v. Micron Tech., Inc.*, 821 F. Supp. 272, 274 (D. Del. 1993). Further, "some act must actually occur in Delaware." *TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, 961 F. Supp. 686, 690 (D. Del. 1997) (citation omitted).

In this case, Plaintiff's amended complaint is devoid of any allegation that some act by Defendants occurred in Delaware. Plaintiff alleges that Defendants, on behalf of ACE, made certain oral and written representations and commitments regarding dehumidifiers sold to Plaintiff. (*See* D.I. 8 ¶¶ 11, 16, 19, 21). Those representations and commitments, Plaintiff argues, constitute "direct acts and omissions by Defendants Clemens and Yow [which] induced [Plaintiff] to purchase Horizon Dehumidifiers from ACE." (D.I. 14 at 12). Plaintiff does not allege, however, that any of these acts occurred within Delaware. Thus, Plaintiff has not shown that Defendants' conduct meets the requirements for transacting business under (c)(1).

In its objection to the Report and Recommendation, Plaintiff also appears to contend that the Magistrate Judge relied upon the fiduciary shield doctrine in finding jurisdiction lacking under subsections (c)(2) and (c)(4) of the long-arm statute. (*See* D.I. 19 at 2). I do not understand that to be the case. In any event, I have reviewed the Magistrate Judge's findings with respect to those two subsections. I agree with what the Magistrate Judge said.

5

### b. Jurisdictional Discovery

Plaintiff requests that if I agree with the Magistrate Judge's recommendation, that I stay decision on Defendants' motion until Plaintiff has the opportunity to take jurisdictional discovery. (D.I. 19 at 3). Plaintiff did not request jurisdictional discovery in its brief in opposition to Defendants' motion to dismiss. Failure to do so until after an adverse Report and Recommendation constitutes a waiver, at least in the absence of a showing of good cause for not raising the argument earlier. *See* D. Del. Standing Order for Objections Filed under Fed. R. Civ. P. 72, ¶ 5 (Oct. 9, 2013), http://www.ded.uscourts.gov/sites/default/files/general-orders/Objections-filed-under-Fed-R-Civ-P-72.pdf. Plaintiff has not made such a showing in this case.

Even if Plaintiff had shown good cause, however, I do not think Plaintiff has met its burden to identify factual allegations that suggest with "reasonable particularity" the possibility that the requisite contacts exist. *See Toys "R" Us*, 318 F.3d at 456. Under Third Circuit law, "If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state' . . . the plaintiff's right to conduct jurisdictional discovery should be sustained." *Id.* (alteration in original). "A plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010).

Here, Plaintiff broadly requests discovery "including depositions of Clemens and Yow, to determine the true extent and nature of their contacts with Delaware." (D.I. 19 at 3). Plaintiff points to no specific factual allegations suggesting with "reasonable particularity" that the requisite contacts might exist. *See Toys "R" Us*, 318 F.3d at 456. Further, the primary contacts

6

alleged in Plaintiff's amended complaint are Clemens' and Yow's representations and commitments to Plaintiff regarding the dehumidifiers, none of which occurred in Delaware. (*See* D.I. 8 ¶¶ 11, 16, 19, 21). I do not think these factual allegations suggest there are any avenues for discovery that might shed any additional light on Defendants' contacts with this State. I am therefore denying Plaintiff's request for jurisdictional discovery.

### III. CONCLUSION

For the reasons stated above, Plaintiff's objection (D.I. 19) is **OVERRULED**. Plaintiff's request for jurisdictional discovery is **DENIED**. The Report and Recommendation (D.I. 18) is **ADOPTED**. Defendants' motion to dismiss for lack of personal jurisdiction (D.I. 5) is **GRANTED**.

It is **SO ORDERED** this ___ day of January 2018.

*Richard G. Andrews*
United States District Judge